IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN R. NAHOOPII, #A0131171,<br><br>        Plaintiff,<br><br>        vs.<br><br>DEP'T OF PUBLIC SAFETY, STATE OF HAWAII,<br><br>        Defendant. | Civ. No. 09-00282 ACK-BMK<br><br>ORDER DISMISSING AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915 |

## ORDER DISMISSING AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915

On July 10, 2009, the court dismissed Nahoopii's original Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). (Doc. #7.) The court found that Nahoopii failed to name any proper defendant, and that his claims appeared time-barred. On July 22, 2009, Nahoopii filed a first amended complaint ("FAC"). (Doc. #10.) Because the FAC does not cure the defects in the original Complaint, the FAC and this action are DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). Because further amendment is futile, this dismissal is with prejudice, without leave to amend, and shall count as a strike pursuant to 28 U.S.C. § 1915(g).

## I.   <u>Legal Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Thus, a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

2

allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and quotations omitted). Although a complaint need not contain detailed factual allegations, it must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). If the court determines that a defect can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II.  <u>Background</u>

Nahoopii's original Complaint named only the Hawaii Department of Public Safety ("DPS") as a defendant, and included a bare minimum of facts. Nahoopii alleged that fourteen years ago prison officials failed to protect him from an attack by another inmate, when Nahoopii was incarcerated at the Waiawa Correctional Facility for an earlier conviction. The FAC names only the "Department of Public Safety at Waiawa Correctional Facility," goes into much greater detail than the original

3

complaint, and includes numerous attachments in support of Nahoopii's claims.[1]

The FAC realleges that Nahoopii was attacked by inmate Roy Apao fourteen years ago.  Nahoopii claims that there were no prison guards in his building at Waiawa when the attack began, because the prison was short-staffed.  He admits that, when other inmates went to get help from the guards, guards promptly came and called for an ambulance.  Nahoopii also admits that he was told by several medical personnel immediately after the attack and while he remained in custody, that he needed surgery to repair the damage he suffered from the attack.  Nahoopii says he declined surgery, because he was told his wound had to heal, and the chances for full recovery were "50/50."  FAC at 10.  Nahoopii says he was transferred to the Laumaka Work Facility several days after the attack, and he was then paroled a few days after the transfer.  *Id.*

Attachments to the FAC (Nahoopii's prison medical documents and letters), confirm that the attack took place on March 4, 1995, and that Nahoopii received immediate and extensive treatment for his injuries from that date until at least January 1996, when he was apparently paroled.  FAC 11-50.  These

---

[1]Nahoopii's FAC and attachments are not consecutively numbered, or otherwise properly identified.  The court refers to the FAC and attachment pages as they are numbered on the docket.  *See* Doc. #9, FAC & Attachments 1-50.

documents show that Nahoopii was offered surgery several times
before he was released, but signed three separate "Refusal to
Consent to Medical or Surgical Treatment" forms, on May 11,
November 29, and December 19, 1995. *Id.* 44-46. On December 19,
1995, a Dr. Allan writes in Nahoopii's inmate "Multidisciplinary
Progress Notes:"

> Discussed refusal of orbital surgery[.] Patient has
> discussed with Dr. Hazenfield, myself, and friends.
> Says double vision not a problem for close work, more
> bothersome at distance.  Worried about risk. Has
> decided to refuse Plan.

*Id.* 20.

Nahoopii was apparently reincarcerated at the Oahu
Community Correctional Center on or about September 10, 2008,
when his prison medical records begin again, and he was given an
initial prison "Physical Assessment" on September 24, 2008. *Id.*
14-15.  In October 2008, Nahoopii sought treatment for his 1995
eye injury, for which he was given a CT scan on October 23, 2008.
*Id.* 16-18.  The CT scan report reveals the old injury, and states
that the 2008 scan is consistent with a scan taken in August
2005. *Id.* 12.  On March 25, 2009, Nahoopii was sent for an
outside consultation regarding his injury. *Id.* 11.  The
consultation record notes that the injury occurred in 1995, that
Nahoopii refused surgery at the time due to his concern about the
risks involved, and that he has had recurrent problems and pain

since that time.   The record also notes that Nahoopii has "mild
dry macular degeneration"[2] in both eyes.   *Id.*

### III.  Discussion

"To sustain an action under section 1983, a plaintiff
must show '(1) that the conduct complained of was committed by a
person acting under color of state law; and (2) that the conduct
deprived the plaintiff of a federal constitutional or statutory
right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007)
(citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, for the reasons previously discussed in the July
10 Order dismissing the original Complaint, the court finds that
Nahoopii has again failed to name a proper defendant to this
suit.  *See e.g., Will v. Michigan Dept. of State Police*, 491 U.S.
48, 71 (1989) (finding that a state and its agencies are not
persons within the meaning of § 1983); *Howlett v. Rose*, 496 U.S.
356, 365 (1990) (finding state agencies and departments of
corrections are not persons under § 1983); *Fischer v. Cahill*, 474
F.2d 991, 992 (3d Cir. 1973) (finding that a prison is not a

---

[2]Dry macular degeneration is a chronic eye disease.  *See*
http://www.mayoclinic.com/health/macular-degeneration.  It is
marked by deterioration of tissue in the part of the eye that is
responsible for central vision. Its cause is unknown, but the
condition develops as the eye ages. *Id.* Risk factors include age,
family history, race and gender, cigarette smoking, obesity,
light-colored eyes, exposure to sunlight, and cardiovascular
disease. *Id.*

person under § 1983).  The Department of Public Safety at Waiawa Correctional Facility is DISMISSED without leave to amend.

Second, the FAC and its attachments make clear that Nahoopii's claims are barred by Hawaii's two-year statute of limitation, Haw. Rev. Stat. § 657-7, as noted in the July 10, 2009 Order Dismissing Complaint.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Pele Defense Fund v. Paty*, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992).  Nahoopii's cause of action accrued on March 4, 1995, the date of the attack.  *See Wallace v. Kato*, 549 U.S. 384, ----, 127 S. Ct. 1091, 1095(2007); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).  There is no basis for statutory tolling, because: (1) the statute does not toll suits against DPS officials; and (2) Nahoopii admits that he was released from prison not long after the attack occurred.  *See* Haw. Rev. Stat. § 657-13.

Nahoopii is not entitled to equitable tolling under Hawaii law.  *See Hays v. City and County of Honolulu*, 917 P.2d 718, 723, 81 Haw. 391, 396 (Haw. 1996) (holding that equitable tolling is proper when a reasonably diligent plaintiff discovers the damage, a violation of a duty, and a causal connection between them).  Nahoopii was aware of his injuries immediately. Nahoopii states that he tried to initiate a lawsuit as soon as he was released, by contacting several attorneys, but says he was stymied by the attorneys' refusal to take his case without

payment and prison officials' failure to provide him with his medical records.  FAC at 10, 2B.  Nahoopii provides no other facts detailing what steps he took to pursue this action in the past thirteen years since the attack.  Nahoopii says that, almost twelve years later, he decided to "[come] back to prison to proceed [with] this case."  FAC 10.  These facts do not support a finding of reasonable diligence so as to equitably toll the limitation period.

Third, even if Nahoopii's claims were not time-barred, they still fall short of supporting an Eighth Amendment violation for failure to protect an inmate from assault.  Prison officials have a duty to take reasonable steps to protect inmates from assaults from other inmates.  *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  An inmate must both show that the prison official knew of a substantial risk of serious harm, and that the official disregarded this risk.  *Id*. at 837. Nahoopii's facts are insufficient to establish that Waiawa officials acted with deliberate indifference to Nahoopii's safety.

Nahoopii was incarcerated at the Waiawa Correctional Facility, a minimum security prison, in 1995.[3/]  Nahoopii claims that Apao came to his building, knocked on the door, accused Nahoopii of talking to Apao's girlfriend, and suddenly attacked him.  Nahoopii admits that, when alerted, the prison guards came immediately and transported him by ambulance to Kapiolani Medical Center at Pali Momi.  Nahoopii does not claim that the guards knew that there was bad blood between Apao and Nahoopii, or knew that an attack was likely.  Nahoopii's claims, in fact, establish that Apao's attack was completely unexpected.  *See* FAC 9.  These allegations cannot establish a plausible claim against prison officials for a failure to protect Nahoopii from harm.  *See Twombly*, 550 U.S. at 555.

Finally, although Nahoopii makes no clear allegation under the Eighth Amendment for the delay or denial of medical care, insofar as he does, Nahoopii's allegations also fall short of plausible claims on that basis.  It is evident, from the numerous medical records Nahoopii provides, as well as his own recitation of events, that he has been given ample medical care for this injury, in 1995-96, and since his reincarceration.  It is unfortunate that Nahoopii is suffering from this long-past

---

[3]Waiawa is a minimum-security prison for male inmates, that helps inmates transition from traditional prison to re-entry into the community. *See* Hawaii Department of Public Safety website, http://hawaii.gov/psd/corrections/prisons/waiawa-correctional-cen ter.

assault.  That suffering does not, however, justify holding prison officials responsible for that assault, or for failing to provide medical care for that assault.  Nahoopii has therefore failed to state a claim on the merits of his claims also.  The FAC is DISMISSED for failure to state a claim upon which § 1983 relief may be granted.  *See* 28 U.S.C. § § 1915(e)(2) & 1915A(b)(1).  Because it is clear that further amendments would be futile, this dismissal is with prejudice and without leave to amend.

Nahoopii is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  This dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

## IV.  Conclusion

IT IS HEREBY ORDERED that:

(1)Nahoopii's Complaint is DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). Specifically, the Department of Public Safety is DISMISSED as

10

improperly named; Nahoopii's claims are DISMISSED as time-barred; and Nahoopii's claims otherwise fail to state claim on which relief under § 1983 may be granted.

(2) This dismissal is WITH PREJUDICE and WITHOUT LEAVE TO AMEND, and shall be counted as a "strike" under 28 U.S.C. § 1915(g).

(3) The Clerk of Court is DIRECTED to terminate this action and close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2009.



_____
Alan C. Kay
Sr. United States District Judge

*Nahoopii v. Dep't of Public Safety*, 09-00276 ACK-BMK; Order Dismissing Amended Complaint Pursuant to 28 U.S.C. § 1915; pro se attys/screening/dmp/2009 Nahoopii 09-282 ACK (dsm amd' C & act FTSC imp defs & SOL)